UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NADIAH ALSAIDI and ABDO MOHAMED THABET

                               Plaintiff,

     -against-

UNITED STATES OF AMERICA,

                              Defendant.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

17-CV-4925

Plaintiff, **NADIAH ALSAIDI and ABDO MOHAMED THABET**, by and through their attorney, Anthony Hirschberger, ESQ, complaining of the defendant herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. This is a civil action in which the Plaintiffs, **NADIAH ALSAIDI and MOHAMED THABET**, seeks relief for serious personal injuries sustained as a result of medical malpractice on negligence on the part of the Defendants. The plaintiff seeks compensatory damages, affirmative and equitable relief, an award of costs and interest, and such other and further relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

2. This action arises under the Federal Tort Claims Act §28 USC 2671, et seq

3. This Honorable Court has Jurisdiction over this action pursuant to §28 USC 1346(b), which provides that the United States District Courts have exclusive jurisdiction of civil actions on claims

against the United States Government for personal injury and injury to property that the cause of action arose in the Eastern District of New York

4. A federal tort claim was filed with the Department of Health and Human Services – 200 Independence Avenue, SW, Washington DC 20201 on January 30, 2017. Pursuant to §28 USC 2675(a) at least six (6) months have passed since the filing of the notice of claim.

5. We have complied with all conditions required to file a tort claim against the federal government pursuant to Federal Tort Claims Act which requires the filing of a claim and the expiration of a six-month period in order to proceed with the filing of a complaint in federal court

## VENUE

6. Venue herein is proper for the United States District Court for the EASTERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMAND

7. Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

8. At all times herein mentioned, Plaintiffs **NADIAH ALSAIDI and ABDO MOHAMED THABET** were, and still are, a resident of the County of Kings, State of New York.

9. At all times herein mentioned, **BASMA F. FARIS** (hereinafter referred to as "**FARIS**"), was and is a doctor of medicine duly licensed to practice medicine in the State of New York

10. Defendant, **FARIS**, was, on or about May 6, 2016 and continuing through to and including May 9, 2016, a licensed practicing gynecologist and obstetrician.

11. Defendant, **FARIS**, was, on or about May 6, 2016 and continuing through to and including May 9, 2016, was in the employ of **UNITED STATES OF AMERICA**.

12. Defendant, **FARIS**, was, on or about May 6, 2016 and continuing through to and including May 9, 2016 a licensed practicing physician who administered medical care at **NYU LUTHERAN MEDICAL CENTER**.

13. Defendant, **FARIS**, did and at all times hereinafter mentioned maintain her practice at 6317 4th Ave Brooklyn, NY 11220 amongst other locations.

14. That on or about May 6, 2016 and continuing through to and including May 9, 2016, Defendant, **NYU LUTHERAN MEDICAL CENTER**, was and still is accredited by the Joint Commission on the Accreditation of Hospitals, and was and still is located at 150 55th Street Brooklyn, New York 11220.

15. Defendant, **NYU LUTHERAN MEDICAL CENTER**, was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

16. Defendant, **NYU LUTHERAN MEDICAL CENTER**, was and is a duly licensed medical facility which is operated in accord with the laws and regulations of the State of New York with standards for hospitals as set forth by the Joint Commission on the Accreditation of Hospitals.

17. Defendant, **NYU LUTHERAN MEDICAL CENTER**, owned, operated, managed, maintained and controlled a medical facility which provided medical, surgical care and treatment as well as provided for the care of sick and ailing persons in New York.

18. Defendant, **NYU LUTHERAN MEDICAL CENTER**, had in its employ, and/or under its control doctors, emergency room physicians, surgeons, nurses, anesthesiologists and other staff necessary to provide patients with medical care and attention.

19. Defendant, **NYU LUTHERAN MEDICAL CENTER**, its agents, servants and/or employees held itself out as qualified and competent to render requisite prescription of medicine, medical, surgical care and treatment to the public at large and, more particularly to the plaintiff named herein.

20. Defendant, **NYU LUTHERAN MEDICAL CENTER**, undertook and agreed to render medical and surgical care and treatment to Plaintiff named herein on or about May 6, 2016 and continuing through to and including May 9, 2016.

## RELEVANT FACTS

21. That between May 6, 2016 and continuing through to and including May 9, 2016 Plaintiff **NADIA ALSAIDI** presented herself for treatment at NYU LUTHERAN MEDICAL CENTER and more specifically **FARIS**.

22. The Plaintiff presented to **FARIS** with complaints to of severe pain and cramps. The diagnostic testing revealed the need for a hysterectomy.

23. On May 6, 2016 Plaintiff presented to **FARIS** at NYU LUTHERAN MEDICAL CENTER for treatment including hysterectomy.

24. The hysterectomy was performed on May 6, 2016 by **FARIS** at NYU LUTHERAN MEDICAL CENTER.

25. The Plaintiff was discharged from NYU LUTHERAN MEDICAL CENTER by PURCELL on May 7, 2016

26. While at home recovering the Plaintiff continued to experience severe pain and noticed stool coming out of her vagina on May 8, 2016.

27. On May 9, 2016, **NADIAH ALSAIDI** and **ABDO MOHAMED THABET** presented yet again to **FARIS** at NYU LUTHERAN MEDICAL CENTER

28. The plaintiff remained at the hospital for a period of twelve (12) hours during which time no urinal blood cultures were taken.

29. Under the guidance of **FARIS**, she was advised by the hospital that stool in the urine was normal. Plaintiff was given pain medication and was released.

30. On May 15, 2016 Plaintiff felt her temperature rise- she went to the bathroom- she started to bleed excessively by stool.

5

31. She was rushed to Maimonides Hospital, where she was diagnosed with an obstructed colon and underwent emergency surgery and attachment of a permanent colostomy bag.

### AS AND FOR A FIRST CAUSE OF ACTION
### <u>MEDICAL MALPRATICE</u>

32. At all times herein mentioned, Defendant, **FARIS**, held herself out to be a physician duly qualified and competent to render requisite medical care and treatment to the public at large and, more particularly, to the plaintiff named herein.

33. Defendant, **FARIS**, undertook and agreed to render medical care and treatment to NADIAH ALSAIDA.

34. Defendant, **FARIS**, negligently and carelessly rendered medical care and treatment to the plaintiff on or about May 6, 2016 and continuing through to and including May 9, 2016.

35. At all times herein mentioned, plaintiff was a patient under the professional care and treatment of Defendant, **FARIS**.

36. Defendant, **FARIS**, was negligent and careless in prescribing medicine, medical care, surgical care and treatment rendered to the plaintiff.

37. Defendant, **FARIS**, was negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment rendered to the plaintiff.

38. The treatment rendered by defendant, **FARIS**, was not in accord with good and acceptable standards of medical care and treatment.

39. **FARIS** was negligent in failing to properly diagnose Claimant's bowel obstruction; by failing to properly treat Claimant's bowel obstruction; by failing to order an

emergency/immediate surgery to repair Claimant's bowel obstruction;

40. **FARIS** was negligent in failing to order an emergency/immediate surgery to repair Claimant's bowel obstruction; in ignoring signs, symptoms and complaints of Claimant's bowel obstruction, including lots of stool in large bowel; in improperly excluding postsurgical bowel injury and/or fistulization; in using poor surgical technique; in negligently causing complete transection of the rectum; in negligently causing vaginal cuff dehiscence; in failing to properly suture the operative site and anatomic regions manipulated during the subject surgery and/or within the operative field;

41. **FARIS** was negligent in causing an iatrogenic injury to the rectum during the surgery that **FARIS** performed on May 6, 2016; failing to make and maintain complete, accurate and informative documentation on the patient's medical history, reason for referral, examinations, signs, symptoms and complaints; failed to perform a complete physical examination of the patient relative to patient's complaints of bowel obstruction; in failing to perform a complete work-up to evaluate the true cause(s) of the patient's complaints; in failing to perform proper testing to appreciate the significance of patient's bowel obstruction; in failing to communicate the condition and status of the patient to all doctors who have treated or may in the future treat the patient; failed to be cognizant of the status of the patient; failed to keep abreast of the care and treatment collectively rendered to the patient; in failing to obtain surgical consultants in a timely fashion; failed to arrive at a proper, appropriate and reasonable plan to manage and treat the patient; negligently and carelessly prescribed and recommended an inappropriate, erroneous and contraindicated method of treatment; failed and/or delayed treatment; failed to take and record and be cognizant of the patient's medical signs and overall medical conditions at

7

appropriate intervals; failed to use agents to prevent post op obstruction.

42.     As a result of the negligence and carelessness of Defendant, **FARIS**, and without any want of care on the part of the plaintiff herein, plaintiff suffered grave bodily injury including but not limited to the additional surgery for the blocked colon, the attachment of a colostomy bag, complications related thereto, need for additional surgery and treatment, and conscious pain and suffering.

AS AND FOR A SECOND CAUSE OF ACTION

43.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the <u>FIRST, SECOND AND THIRD CAUSES OF ACTION</u>, with the same force and effect as though more fully set forth herein at length.

44.     Plaintiff, ABDO MOHAMED THABET, as a result of the negligence of each of the named Defendants has suffered derivative damages. Namely, he has been and will suffer loss of consortium, services, society and all derivative damages allowed by common law and statute.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. The convening and empanelling of a jury to consider the merits of the claims herein;

    c. Costs and interest;

    d. Such other further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          August 21, 2017

Yours, etc.

_____
ANTHONY HIRSCHBERGER
Attorneys for Plaintiff
NADIAH ALSAIDI
20 Nevinwood Place
Huntington, New York 11746
848-222-3020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NADIAH ALSAIDI and ABDO MOHAMED THABET

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant

---

**COMPLAINT**

---

ANTHONY T. HIRSCHBERGER, ESQ.
HR LAW GROUP
Attorneys for Plaintiff
20 Nevinwood Place
Huntington, New York 11746
Tel: (917) 270-9727